**Jennifer S. Wagner**, OSB No. 024470
jwagner@stollberne.com
STOLL BERNE LOKTING & SHLACHTER PC
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:    (503) 227-6840

**Anthony J. DiMarino** (*admitted pro hac vice*)
ajd@dimarinolaw.com
**Emmett S. Collazo** (*admitted pro hac vice*)
collazo@dimarinolaw.com
A.J. DIMARINO, P.C.
41 Grove Street
Haddonfield, NJ 08033
Telephone:   (856) 853-0055
Facsimile:    (856) 853-2866

*Attorneys for Defendant Akers Biosciences, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PULSE HEALTH LLC, an Oregon limited liability company, | Case No. 3:16-cv-01919-HZ |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |
| AKERS BIOSCIENCES, INC., a New Jersey corporation, | |
| Defendant. | ORAL ARGUMENT REQUESTED |

TABLE OF CONTENTS

LR 7-1(a) CERTIFICATION ................................................................................... 1

MOTION.................................................................................................................... 1

MEMORANDUM OF LAW ...................................................................................... 1

I.      OVERVIEW OF MOTION .............................................................................. 1

II.     BACKGROUND ............................................................................................. 3

     A.     The Parties ........................................................................................... 3

          1.     Pulse ......................................................................................... 3

          2.     ABI............................................................................................ 3

     B.     Nature of the Action............................................................................ 4

III.    ARGUMENT .................................................................................................. 4

     A.     The Court Should Dismiss Pulse's Complaint for Lack of Personal
          Jurisdiction Over ABI. ........................................................................ 4

          1.     Legal Standard ......................................................................... 4

          2.     Burden of Proof to Establish Personal Jurisdiction .................. 5

          3.     There Is No General Jurisdiction Over ABI in this Forum......... 6

          4.     There Is No Specific Jurisdiction Over ABI in this Forum. ....... 7

               a.     Pulse Cannot Meet Its Burden to Prove the First Two
                    Prongs of the Specific Jurisdiction Test with Respect to Its
                    Lanham Act False Advertising and Violation of ORS §
                    646.608 Claims. ......................................................... 9

                    (1)     Pulse's Tort Claims Do Not Arise Out of Any
                              Forum- Related Activities By ABI. ................................... 9

                    (2)     ABI Did Not Purposefully Direct Any Activities
                              Towards the Forum. ......................................................... 10

i

b.      Pulse Cannot Meet Its Burden to Prove the First Two
Prongs of the Specific Jurisdiction Test with Respect to Its
Breach of Contract Claim. .......................................................... 13

(1)      Pulse's Contract Claim Does Not Arise Out of Any
Forum-Related Activities By ABI. .................................. 13

(2)      ABI Did Not Purposefully Avail Itself of the
Privilege of Conducting Activities within the
Forum. ........................................................................... 13

c.      The Exercise of Specific Jurisdiction Over ABI in Oregon
on Any of Pulse's Claims Against It Is Not Reasonable. ............. 17

B.     In the Alternative, the Court Should Transfer this Action to the More
Convenient Forum of the District of New Jersey Under 28 U.S.C. §
1404(a). .......................................................................................... 18

1.     Legal Standard ...................................................................... 18

2.     This Action Could Have Been Brought in the District of New
Jersey ................................................................................... 19

3.     The Balance of the Convenience and Fairness Factors Weighs
Heavily in Favor of Transfer to the District of New Jersey ..................... 19

a.      The Location of the Negotiation of the Settlement
Agreement Factor Favors Transfer. ................................................ 19

b.      The State That Is Most Familiar with the Governing Law
Factor Does Not Weigh Against Transfer. ................................... 20

c.      Pulse's Choice of Forum Is Not a Controlling Factor
Because the Operative Facts of the Claims in this Case Did
Not Occur in this Judicial District and the Parties Contacts
with the Forum and Contacts Relating to Pulse's Causes of
Action Factors Favor Transfer. ...................................................... 20

d.      The Differences in the Costs of Litigation in the Two
Forums Factor Favors Transfer. .................................................... 21

e.      The Availability of Compulsory Process to Compel
Attendance of ABI's Non-Party Witnesses Factor Favors
Transfer. ........................................................................................ 22

f.      The Ease of Access to Proof Factor Favors Transfer. .................. 23

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

g.    New Jersey Has a Strong Interest in this Action, a Factor Which Favors Transfer. ................................................................ 23

C.    If the Court Determines that Pulse Satisfies the Threshold Barriers to Litigating this Action in this Forum, then It Must Dismiss Pulse's First and Second Claims for Relief Under Fed. R. Civ. P. 12(b)(6). ........................... 24

1.    Legal Standard ........................................................................... 24

2.    Pulse Cannot Prevail on Its Lanham Act False Advertising Claim Because It Is Not Within the Zone of Interests Protected By the Statute and There Is No Proximate Causation Between Its Alleged Injury and the Alleged Statutory Violation. ............................................... 25

3.    Pulse Cannot Prevail on Its Second Claim for Relief Because It Lacks Standing to Pursue a Claim Under the Oregon Unlawful Trade Practices Act Which Is a Consumer Protection Act. ..................... 28

IV.    CONCLUSION ................................................................................................... 30

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

TABLE OF AUTHORITIES

## Cases

*Adidas Am., Inc. v. Athletic Propulsion Labs, LLC*
  No. 16-cv-415, 2016 WL 3896826 (D. Or. July 18, 2016)....................................... 22

*Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*
  277 F.3d 1114 (9th Cir.), *cert. denied*, 537 U.S. 886 (2002)............................... 24

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)............................................................................................. 25

*Ave. Lofts Condo. Owners' Ass'n v. Victaulic Co.*
  24 F. Supp. 3d 1010 (D. Or. 2014) ..................................................................... 28

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)....................................................................................... 24, 25

*Bixby v. KBR, Inc.*
  603 F. App'x 605 (9th Cir. 2015) ........................................................................ 11

*Boschetto v. Hansing*
  539 F.3d 1011 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171 (2009).......................... 5

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985).......................................................................... 8, 11, 14, 17

*Calder v. Jones*
  465 U.S. 783 (1984)..................................................................................... 10, 11

*Campbell Pet Co. v. Miale*
  542 F.3d 879 (Fed. Cir. 2008)............................................................................. 11

*Chandler & Newville v. Quality Loan Serv. Corp. of Wash.*
  No. 13-cv-2014, 2014 WL 2526564 (D. Or. June 3, 2014)................................... 26

*CollegeNet, Inc. v. Embark.Com, Inc.*
  230 F. Supp. 2d 1167 (D. Or. 2001) ................................................................... 29

*Control Sols., Inc. v. MicroDAQ.com, Inc.*
  126 F. Supp. 3d 1182 (D. Or. 2015) ........................................................... 9, 10, 11

*Daimler AG v. Bauman*
  ___ U.S. ___, 134 S. Ct. 746 (2014)...................................................................... 6

*Denson v. Ron Tonkin Gran Turismo, Inc.*
  279 Or. 85, 566 P.2d 1177 (1977) ....................................................................... 28

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*
  828 F.2d 1439 (9th Cir. 1987) ...................................................................... 17, 18

iv

*Global Tech LED, LLC v. Hilumz Int'l Corp.*
No. 15-cv-553, 2016 WL 3059390 (M.D. Fla. May 31, 2016) .............................................. 26

*Goodyear v. Dunlop Tires Operations, S.A. v. Brown*
564 U.S. 915 (2011) .............................................................................................................. 6

*Gray & Co. v. Firstenberg Mach. Co.*
913 F.2d 758 (9th Cir. 1990) ............................................................................................... 13

*Gulf Oil v. Gilbert*
330 U.S. 501 (1947) .............................................................................................................. 22

*Int'l Shoe Co. v. Wash.*
326 U.S. 310 (1945) .............................................................................................................. 5

*Investigators, Inc. v. Harvey*
53 Or. App. 586, 633 P.2d 6 (Or. Ct. App. 1981) ................................................................ 28

*Jones v. GNC Franchising, Inc.*
211 F.3d 495 (9th Cir. 2000) ............................................................................................... 19

*L & A Designs v. Xtreme ATVs, Inc.*
No. 10-cv-627, 105 U.S.P.Q.2d 1146, 2012 WL 1532417 (D. Or. Apr. 30, 2012) ........... 28, 29

*Lamberton v. Koch*
No. 13-cv-190, 2013 WL 5603270 (D. Or. Oct. 10, 2013) ................................................. 7, 8

*Lanham v. Pilot Travel Ctrs., LLC*
No. 14-cv-1923, 2015 WL 5167268 (D. Or. Sept. 2, 2015) ................................................ 5, 6

*Lehr v. Stryker Corp.*
No. 09-cv-2089, 2010 WL 3069633 (E.D. Pa. Aug. 4, 2010) ............................................. 22

*Lexmark Int'l Inc. v. Static Control Components, Inc.*
___ U.S. ___, 134 S. Ct. 1377 (2014) ................................................................................ 25, 27

*Lou v. Belzberg*
834 F.2d 730 (9th Cir. 1987), *cert. denied*, 485 U.S. 993 (1988) ...................................... 21

*Martin v. Living Essentials, LLC*
160 F. Supp. 3d 1042 (N.D. Ill.), *aff'd*, 653 F. App'x 482 (7th Cir. 2016), *reh'g denied*
(July 21, 2016) ...................................................................................................................... 27

*Martinez v. Aero Caribbean*
764 F.3d 1062 (9th Cir. 2014) ............................................................................................. 6

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) ............................................................................................... 24

*Nordisk Sys., Inc. v. Sirius Computer Sols., Inc.*
156 F. Supp. 3d 1212 (D. Or. 2015) .................................................................................... 24, 25

v

*Oregon Laborers-Emp'r Health & Welfare Trust Fund v. Philip Morris, Inc.*
  17 F. Supp. 2d 1170 (D. Or. 1998), *aff'd*, 185 F.3d 957 (9th Cir. 1999)................................... 29

*Palmer Events, LLC v. Hyundai Hope on Wheels*
  No. 15-cv-2223, 2016 WL 1179857 (D. Or. Feb. 26, 2016), *report and recom.*
  *adopted*, No. 15-cv-2223, 2016 WL 1181679 (D. Or. Mar. 25, 2016).............................. 21, 22

*Picot v. Weston*
  780 F.3d 1206 (9th Cir. 2015) ...................................................................................... 8, 9, 14

*Ranza v. Nike, Inc.*
  793 F.3d 1059 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016)........................................... 5

*Reg'l Local Union Nos. 846 & 847 v. Jayco Steel Servs., Inc.*
  No. 13-cv-2267, 2015 WL 2123757 (D. Or. Apr. 29, 2015)..................................................... 22

*Rentrak Corp. v. Burton*
  No. 15-cv-458, 2015 WL 7733971 (D. Or. Sept. 28, 2015)*, report and recom. adopted*,
  No. 15-cv-458, 2015 WL 7722408 (D. Or. Nov. 30, 2015) ..................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797 (9th Cir. 2004) ................................................................................................ 5, 8

*SD Holdings, LLC v. Aircraft Owners & Pilots Ass'n, Inc.*
  No. 3:13-CV-01296-AC, 2014 WL 3667881 (D. Or. July 22, 2014)....................................... 11

*Sinatra v. Nat'l Enquirer, Inc.*
  854 F.2d 1191 (9th Cir. 1988) .......................................................................................... 14, 18

*Slep-Tone Entm't Corp. v. Shenanigans Lounge*
  No. 12-cv-1236, 2013 WL 1768444 (D. Or. Feb. 22, 2013), *report and recom.*
  *adopted*, No. 12-cv-1236, 2013 WL 1767727 (D. Or. Apr. 20, 2013) ................................... 29

*Stewart Org. v. Ricoh Corp.*
  487 U.S. 22 (1988)............................................................................................................... 19

*Walden v. Fiore*
  ___ U.S. ___, 134 S. Ct. 1115 (2014)................................................................. 10, 11, 14, 16

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003) .............................................................................................. 24

*Wellpartner, Inc. v. DeLeon Pharm., Inc.*
  No. 15-cv-1577, 2015 WL 7568591 (D. Or. Nov. 24, 2015) ........................................... passim

*World-Wide Volkswagen Corp. v. Woodson*
  444 U.S. 286 (1980)............................................................................................................. 10

vi

**Statutes**

15 U.S.C. § 1125 .......................................................................................... 1, 4, 26

28 U.S.C. § 1391 ............................................................................................... 19

28 U.S.C. § 1404 ............................................................................................. 1, 18

ORS § 646.608 ............................................................................................. passim

**Other Authorities**

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004) ............... 25

5 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION (4th
    ed.) ............................................................................................................ 27

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## LR 7-1(a) CERTIFICATION

Pursuant to LR 7-1, Defendant's counsel certify that they have made a good faith effort to resolve the issues presented by this motion during a telephone conference with Plaintiff's counsel on November 22, 2016, but were unable to resolve the issues herein.

## MOTION

Defendant, Akers Biosciences, Inc. ("ABI"), moves the Court for an order dismissing the Complaint filed by plaintiff, Pulse Health LLC ("Pulse") in this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over ABI or, in the alternative, for an order transferring this case to the United States District Court for the District of New Jersey, Camden Vicinage, under 28 U.S.C. § 1404(a), and/or for an order dismissing Pulse's First and Second Claims for Relief against ABI (false advertising under the Lanham Act, 15 U.S.C. § 1125(a) and violation of Oregon's Unlawful Trade Practices Act, ORS § 646.608, respectively) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This motion is based on the memorandum of points and authorities herein, the declaration of Raymond Akers, Jr. ("Akers Decl."), the allegations of which are incorporated by reference herein, and the Complaint on file in this matter.

## MEMORANDUM OF LAW

## I.    OVERVIEW OF MOTION

ABI moves to dismiss this action for lack of personal jurisdiction. There is no general jurisdiction in this forum over ABI, a New Jersey corporation with a principal place of business in New Jersey, because it is not "at home" in this state and has no continuous and systematic contacts with this state. There is no specific jurisdiction over ABI in Oregon because (a) the cause of actions in this case—namely, alleged false advertising under the Lanham Act, violation

Page 1 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

of ORS § 646.608, and breach of contract, did not arise from forum-state activities by ABI, (b) ABI did not purposefully direct any activities to this forum, and (c) the exercise of specific jurisdiction over ABI in this forum would not be reasonable.

In the alternative, this action should be transferred. ABI maintains that this judicial district is not a convenient forum in which to litigate this action, but that the District of New Jersey, Camden Vicinage, is both a proper and more convenient forum. A balancing of the convenience and fairness interest factors weighs heavily in favor of transferring venue of this action. In particular, all of the non-party witnesses ABI identifies, each of whom have information relevant to ABI's defense, are outside of the subpoena power of this forum. And, all of ABI's employee witnesses, each of whom also have information relevant to ABI's defense, reside and work outside of this forum. Hence, transfer of this action to the requested New Jersey forum is warranted.

Finally, Pulse's claims for violations of the Lanham Act and ORS § 646.608 must be denied because Pulse lacks standing to pursue them. Pulse fails to plead (and cannot plead) that it has sustained an injury to a commercial interest in sales or business reputation as is required to prove a Lanham Act false advertising claim. Additionally, Oregon's Unlawful Trade Practices Act is a consumer protection act. Hence, only consumer actions can be brought for violations of ORS § 646.608. Pulse's claims for violations of the Lanham Act and ORS § 646.608 must, therefore, be dismissed with prejudice because they are legally deficient.

Page 2 –   **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

II.    **BACKGROUND**

    A.    **The Parties**

        1.    **Pulse**

According to Pulse, it is an Oregon limited liability company with a principal place of business in Lake Oswego, Oregon, and its owners and members are citizens of Oregon, California, Texas and Florida.  Compl. ¶ 1.[1]  Pulse alleges that it entered into several contracts with ABI, including the agreement at issue, an April 8, 2011 Assignment, License and Settlement Agreement ("Settlement Agreement"), executed by Pulse and ABI.  *Id.* ¶ 5.  The Settlement Agreement is attached to Pulse's Complaint as Exhibit 3.  Pulse, notably, does not allege that it is a competitor of ABI; it also does not allege that it is engaged in any commercial activity.  *See* Ex. A, Compl. (absence of such allegations).

        2.    **ABI**

ABI is a New Jersey corporation with a principal place of business in West Deptford, New Jersey.  Akers Decl. ¶ 8.  ABI presently has less than 35 full-time employees.  *Id.* ¶ 7.  ABI is publicly held, and has common stock that is traded on the NASDAQ Exchange and on the London Stock Exchange.  *Id.* ¶ 9.  ABI is focused on in vitro diagnostic technologies that accelerate the rate at which clinicians, and in some cases public consumers, can obtain health-related information.  *Id.* ¶ 5.  The tests and sample preparation devices that emerge from ABI's rapid technology platforms are designed to provide the same level of accuracy as traditional laboratory testing methods, but at a fraction of the cost and time.  *Id.*

---

[1]    A copy of Pulse's Complaint (ECF Doc. No. 1) is attached hereto as Exhibit A.  Citations to the Complaint are referenced as "Compl. ¶ ___."

Page 3 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

One of the products offered by ABI is the OxiChek product, the product at issue in this case. *Id. ¶ 6.* The OxiChek product was developed at ABI from its facility in New Jersey. *Id. ¶ 20.* The product consists of two components: a reader and a cartridge. The reader is manufactured in China. *Id.* The cartridges are manufactured at ABI's facility in New Jersey. *Id.*

### B.    Nature of the Action

Pulse attempts to assert three causes of action against ABI in this civil action: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a), for alleged false advertising about ABI's OxiChek product (First Claim for Relief), (2) violation of ORS § 646.608, for alleged misrepresentations about the OxiChek product (Second Claim for Relief), and (3) breach of contract, for alleged breach of the Settlement Agreement (Third Claim for Relief). *See* Ex. A, Compl.

## III.    ARGUMENT

### A.    The Court Should Dismiss Pulse's Complaint for Lack of Personal Jurisdiction Over ABI.

#### 1.    Legal Standard

Rule 12(b)(2) authorizes a motion to dismiss for lack of personal jurisdiction. Federal Rule of Civil Procedure 4(k)(1)(A) authorizes a federal district court to assert personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state where that court sits. Oregon's long-arm statute, ORCP 4, extends jurisdiction to the outer limits of due process; as such, the Court need only analyze whether the exercise of jurisdiction complies with due process. *Wellpartner, Inc. v. DeLeon Pharm., Inc.*, No. 15-cv-1577, 2015 WL 7568591, at *2 (D. Or. Nov. 24, 2015) (Hernandez, J.) (citing ORCP 4(L)). To comport with due process, the nonresident defendant must have certain minimum contacts with the forum state "such that

Page 4 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Lanham v. Pilot Travel Ctrs., LLC*, No. 14-cv-1923, 2015 WL 5167268, at *2 (D. Or. Sept. 2, 2015) (Hernandez, J.) (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915, (2016) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

### 2.    Burden of Proof to Establish Personal Jurisdiction

The plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171 (2009). When the court's determination is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (quotation marks and citation omitted). In resolving the motion on written materials, the court must "only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (alteration in original; quotation marks and citation omitted). A plaintiff cannot solely rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true. *Id.* "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (finding dealership did not have sufficient minimum contact with California to warrant exercise of personal jurisdiction there)).

As discussed below, Pulse cannot meet its burden to prove general or specific personal jurisdiction over ABI.

Page 5 –   **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

### 3.    There Is No General Jurisdiction Over ABI in this Forum.

A court has general personal jurisdiction over a defendant whose contacts with the forum

are "so 'continuous and systematic' as to render them essentially at home in the forum state."

*Daimler AG v. Bauman*, ___ U.S. ___, 134 S. Ct. 746, 754 (2014) (citing *Goodyear v. Dunlop*

*Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The natural result of general

jurisdiction's "at home" requirement is that "only a limited set of affiliations with a forum will

render a defendant amenable to all-purpose jurisdiction there."  *Daimler,* 134 S. Ct. at 760.  The

paradigmatic locations where general jurisdiction is appropriate over a corporation are its place

of incorporation and its principal place of business.  *See id.* at 760.  "Only in an 'exceptional

case' will general jurisdiction be available anywhere else."  *Martinez v. Aero Caribbean*, 764

F.3d 1062, 1070 (9th Cir. 2014) (citing *Daimler*, 134 S. Ct. at 761 n.19); *accord Lanham*, 2015

WL 5167268, at *2 (granting defendant's motion to dismiss for lack of general jurisdiction).

Moreover, a corporation's continuous activity "of some sort" in the forum state is

insufficient to subject the corporation to general jurisdiction.  *Id.*, at *3 (citing *Daimler*, 134 S.

Ct. at 757).  "Even 'sizable sales' are insufficient to establish general jurisdiction."  *Id.* (citing

*Daimler*, 134 S. Ct. at 761-62 (determining California did not have general jurisdiction over a

foreign corporation that had California-based facilities, was the largest supplier of luxury

vehicles in California, and made over ten-percent of its new vehicle sales in the United States in

California).  "Instead, general jurisdiction calls for an appraisal of a corporation's activities in

their entirety, nationwide and worldwide."  *Daimler*, 134 S. Ct. at 762 n.20.  "A corporation that

operates in many places can scarcely be deemed at home in all of them."  *Id.*  "Otherwise, 'at

home' would simply be synonymous with 'doing business' tests framed before specific

jurisdiction evolved in the United States."  *Lanham*, 2015 WL 5167268, at *3, (quoting *Daimler*,

Page 6 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

134 S. Ct. at 762 n.20); *accord Lamberton v. Koch*, No. 13-cv-190, 2013 WL 5603270, at *1 (D. Or. Oct. 10, 2013) (Hernandez, J) (granting defendants' motion to dismiss, noting "[a]lthough one corporate Defendant sells some products in Oregon, the sales alone are not sufficient to establish general jurisdiction").

Although the purported basis for exercising personal jurisdiction over ABI in this forum is not clear from the allegations in Pulse's Complaint, Pulse does not assert that ABI has continuous and systematic contacts in Oregon. Pulse alleges, and Mr. Akers confirms, that ABI is a New Jersey corporation with a principal place of business in New Jersey. Compl. ¶ 2; *see also* Akers Decl. ¶ 8.

In addition, ABI does not have a place of business in Oregon. *Id.* ¶ 11. ABI has not consented to the exercise of personal jurisdiction over it in Oregon in this action. *Id.* ¶ 12. ABI also does not carry on, and has never carried on, a continuous and regular part of its general business within Oregon. *Id.* ¶ 13; *see also id.* at 14-15. This is not the exceptional case where ABI can be found "at home" in Oregon, a state where is not incorporated and which is not the company's principal place of business.

### 4.    There Is No Specific Jurisdiction Over ABI in this Forum.

Just as it fails to allege any facts supporting the imposition of general jurisdiction, Pulse similarly fails to allege any facts that might justify specific jurisdiction over ABI on its tort claims, based on alleged false advertising of its OxiChek product under the Lanham Act and alleged violation of ORS § 646.608 with respect to purported misrepresentations concerning OxiChek, or its breach of contract claim, based on an alleged breach of the Settlement Agreement.

Page 7 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

A court only has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Wellpartner*, 2015 WL 7568591, at *3 (granting defendants' motion to dismiss for lack of specific jurisdiction) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted)). "The phrase 'purposeful availment' is often used as shorthand to include both purposeful availment and purposeful direction . . . However, 'purposeful availment' is more often used in contract cases, and purposeful direction, in tort cases." *Lamberton*, 2013 WL 5603270, at *3 (citing *Schwarzenegger*, 374 F.3d at 802).

The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") employs a three-part test to determine if a party has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (quoting *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802)). "The plaintiff bears the burden on the first two parts of the test." *Picot*, 780 F.3d at 1211. If the plaintiff succeeds, "the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 1211-12 (citation omitted). "If plaintiff fails to establish either of the first two parts, the jurisdictional inquiry ends and the

Page 8 –   **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

case must be dismissed." *Wellpartner*, 2015 WL 7568591 (citing *Picot*, 780 F.3d at 1213 (affirming dismissal of action on lack of specific jurisdiction grounds)).  Further, where a plaintiff raises separate causes of action, as Pulse does here, the court must have in personam jurisdiction over the defendant with respect to each claim.  *Control Sols., Inc. v. MicroDAQ.com, Inc.*, 126 F. Supp. 3d 1182, 1190 (D. Or. 2015) (Hernandez, J.).

> **a.    Pulse Cannot Meet Its Burden to Prove the First Two Prongs of the Specific Jurisdiction Test with Respect to Its Lanham Act False Advertising and Violation of ORS § 646.608 Claims.**
>
> **(1)    Pulse's Tort Claims Do Not Arise Out of Any Forum-Related Activities By ABI.**

Pulse's false advertising and violation of ORS § 646.608 claims do not arise out of alleged Oregon-related activities by ABI as is required in order to establish specific jurisdiction over ABI on those causes of action.  Pulse simply alleges that ABI made misstatements in advertising materials it offered at a trade show in Las Vegas, Nevada in late December 2015 and in advertising on its website.  *See* Compl. ¶¶ 21, 23 and Compl. Exs. 5, 7.  Neither of those alleged activities arise out of any Oregon-related conduct by ABI.  *See also* Akers Decl. ¶ 16 ("ABI has not done, and does not do, any direct advertising to residents of Oregon for the OxiChek product at issue in this action, or any other product."); *Id.* ¶ 17 ("ABI maintains a website that is available for viewing to any residents of the United States.");  *Id.* ¶ 18 (aside from maintaining its website, the only advertising of the OxiChek product that ABI has made has been at a handful of trade shows, none of which took place in Oregon); and  *Id.* ¶ 19 ("Marketing materials and presentation materials for the OxiChek product, including any materials used at the aforementioned trade shows, were developed and produced at ABI's facility in New Jersey.").

Page 9 –    **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Hence, none of the events giving rise to Pulse's Lanham Act and violation of ORS § 646.608 claims occurred in Oregon. Pulse, therefore, cannot establish the "claim arises out of or relates to the defendant's forum-related activities" prong of the specific jurisdiction test with respect to its First and Second Claims for Relief, and there is no need for the Court to analyze the other two prongs of the test. Pulse's First and Second Claims for Relief must be dismissed under Rule 12(b)(2).

**(2)   ABI Did Not Purposefully Direct Any Activities Towards the Forum.**

In determining whether the "purposeful direction" prong of the specific jurisdiction test is satisfied, courts of the Ninth Circuit employ a three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783, 789 (1984) which requires that the defendant allegedly have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Control Sols.*, 126 F. Supp. 3d at 1190 (citation omitted). "The requirement is but a test for determining the more fundamental issue of whether a defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (internal quotation marks and citation omitted) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In applying the *Calder* effects test, courts are required to "look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citing *Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115, 1122 (2014) (finding lack of specific jurisdiction in Nevada over Georgia police officer, even if officer knew that his allegedly tortious conduct in Georgia would delay return of funds to passengers with connections to Nevada)). "That relationship must arise out of contacts that the 'defendant *himself*' creates with the forum."

Page 10 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*Walden*, 134 S. Ct. at 1118 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original); *accord Control Sols.*, 126 F. Supp. 3d at (finding lack of specific jurisdiction in Oregon in action involving a non-resident corporation's alleged use of a manufacturer's trademarks and trade names in an internet advertising campaign because such conduct did not constitute tortious conduct "expressly aimed" at Oregon where the manufacturer was located).

It is insufficient to rely on a defendant's "random, fortuitous, or attenuated contacts" or on the "unilateral activity" of a plaintiff, such as Pulse attempts to rely on here to establish personal jurisdiction over ABI. *Walden*, 134 S. Ct. at 1123 (citing *Burger King*, 471 U.S. at 475); *accord Bixby v. KBR, Inc.*, 603 F. App'x 605, 606 (9th Cir. 2015) (finding lack of specific jurisdiction in Oregon under *Calder* "effects test" over defense contractor in light of *Walden*, 134 S. Ct. 115, despite fact that contractor "knew the persons to whom they intentionally directed their misrepresentations and failures to disclose were soldiers of the Oregon National Guard").

"As with general jurisdiction, the existence of a website available to all residents of the United States is not purposefully directed at a specific state's residents and does not support specific jurisdiction." *SD Holdings, LLC v. Aircraft Owners & Pilots Ass'n, Inc.*, No. 3:13-CV-01296-AC, 2014 WL 3667881, at *7-8 (D. Or. July 22, 2014) (Hernandez, J.) (dismissing action for lack of general or specific jurisdiction) (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (dismissing complaint for lack of specific jurisdiction over defendant)); *see also* Akers Decl. ¶ 17.

Here, Pulse's Lanham Act and violation of ORS § 646.608 claims are not actionable— they must be dismissed under Rule 12(b)(6) as discussed in Argument Section C below. Nevertheless, those claims must be dismissed due to a lack of specific jurisdiction over ABI in this forum.

Page 11 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Even assuming (a) that ABI engaged in some intentional misconduct (which it did not), (b) that Pulse, an Oregon corporation, felt the effects of any alleged false advertising or misrepresentations by ABI concerning the OxiChek product in Oregon, and (c) that ABI knew that Pulse's principal place of business was in Oregon, such a scenario is insufficient to support specific jurisdiction over ABI in Oregon in this case.  There is no evidence in the record that ABI expressly or purposely directed any conduct, let alone tortious conduct, at the state of Oregon, rather than simply at Pulse, such that the forum itself can be said to be the focal point of the alleged tortious activity at issue.  ABI did not invoke the benefits and protections of Oregon law. Any intentional misconduct by ABI, as Pulse alleges in its Complaint, did ***not*** arise out of contacts that ABI ***itself*** created with the forum.  *See* Compl. ¶¶ 21, 23; Compl. Exs. 5, 7 (these exhibits, containing alleged false advertising and misrepresentations by ABI about OxiChek, did not even arise out of any Oregon-related conduct by ABI, let alone Oregon contacts that ABI created); *see also* Akers Decl. ¶¶ 16-18 (confirming no Oregon-related advertising for OxiChek).

On this record Pulse cannot establish the "purposeful direction" prong of the specific jurisdiction test as to Pulse's Lanham Act and violation of ORS § 646.608 claims, and the Court need not analyze the whether the exercise of jurisdiction over ABI in this forum on that claim is reasonable (it isn't).  Pulse's First and Second Claims for Relief should be dismissed under Rule 12(b)(2).

Page 12 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

       **b.**     **Pulse Cannot Meet Its Burden to Prove the First Two Prongs of the Specific Jurisdiction Test with Respect to Its Breach of Contract Claim.**

          **(1)**     **Pulse's Contract Claim Does Not Arise Out of Any Forum-Related Activities By ABI.**

Pulse's breach of contract claim does not arise out of any alleged Oregon-related activities by ABI. Indeed, Pulse's Complaint does not make such an allegation (as it cannot). Pulse merely alleges that ABI has breached the Settlement Agreement "by using both the Assigned Technology in the Aldehydes Field and by using the Pulse Technology of the FRED/Revelar device" with respect to its OxiChek product. Compl. ¶ 37; *see also id.* ¶¶ 22, 24, 25. Any such alleged breach of the Settlement Agreement by ABI did not arise from any activity conducted by ABI in Oregon.

To the extent that ABI has breached the Settlement Agreement in the manner Pulse alleges (which ABI denies), said breached occurred in New Jersey where ABI conducts its business. *See* Akers Decl. ¶ 8. As such, Pulse cannot establish the "claim arises out of or relates to the defendant's forum-related activities" prong of the specific jurisdiction test as to its Third Claim for Relief, and there is no need for the Court to analyze the other two prongs of the test. Pulse's Third Claim for Relief must be dismissed under Rule 12(b)(2).

          **(2)**     **ABI Did Not Purposefully Avail Itself of the Privilege of Conducting Activities within the Forum.**

"A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (vacating district court's decision because defendants' contacts with Oregon were not sufficient to justify the exercise of personal jurisdiction, they did not purposefully avail themselves of the benefits of Oregon law, and jurisdiction [was] not otherwise

Page 13 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

reasonable") (citing *Burger King*, 471 U.S. at 478). "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are the factors to be considered." *Id.* (citing *Burger* King, 471 U.S. at 479). However, "[t]he foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction." (citing *Burger King*, at 474).

 "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of ***affirmative conduct*** which allows or promotes the transaction or business with the forum state." *Wellpartner,* 2015 WL 7568591, at *4 (emphasis added) (reviewing Ninth Circuit decisions on specific jurisdiction in contract cases, and rejecting plaintiff's argument that defendants purposefully availed themselves of the privileges of conducting business within Oregon by engaging an Oregon company to perform "substantial business activities" for them in Oregon) (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988); and citing *Walden*, 134 S. Ct. at 1122 (noting that the relationship with the forum must arise out of contacts that the "defendant *himself*" creates with the forum)).

 The Ninth Circuit found that California lacked personal jurisdiction over a resident of Michigan in a contract dispute where the plaintiff argued that the contract between himself and the defendant created a "substantial connection between the defendant and California" because the plaintiff fulfilled his obligations under the agreement in California. *Picot*, 780 F.3d at 1212. The court rejected plaintiff's argument, explaining that it would mistakenly 'allow a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis.'" *Id.* at 1213 (quoting *Walden*, 134 S. Ct. at 1125).

 The court in *Picot* also stressed "the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction over

Page 14 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

another party to the contract." *Id.* The court concluded that the defendant's contacts were insufficient to support the assertion of personal jurisdiction in California even though he corresponded regularly with plaintiff and twice visited California to further their common enterprise. *Id.* at 1213; *see also Rentrak Corp. v. Burton*, No. 15-cv-458, 2015 WL 7733971, at *10-11 (D. Or. Sept. 28, 2015)*, report and recom. adopted*, No. 15-cv-458, 2015 WL 7722408 (D. Or. Nov. 30, 2015) (dismissing contract claim for lack of specific jurisdiction); *Wellpartner*, 2015 WL 7568591, at *6 (same, noting that "while Plaintiff certainly performed all of its obligations under the Agreement in Oregon, this is the kind of 'unilateral activity' that the Ninth Circuit has explained cannot form the basis for personal jurisdiction over Defendants").

The Ninth Circuit has made clear that "ordinary use of the mail, telephone, or other communications," such as ABI employed in this case during its dealings with Pulse, simply do not qualify as purposeful activity invoking the benefits and protections of the forum state." *Wellpartner*, 2015 WL 7568591, at *6 (citation omitted); *see also* Akers Decl. ¶¶ 21-23.

Here, Pulse alleges that it was the entity that "requested to part ways with ABI" and the parties subsequently entered into the Settlement Agreement. Compl. ¶ 16; *see also* Akers Decl. ¶ 25 (discussing Mr. Akers' recollection that it was Pulse which sought the Settlement Agreement). After such request by Pulse, ABI negotiated the Settlement Agreement in New Jersey, and also signed the Agreement in New Jersey. *Id.* ¶ 23. And, in addition to all prior negotiations with Pulse (the company which made the initial request to ABI for developing a device) being conducted while ABI personnel remained in New Jersey, no aspect of the Settlement Agreement contemplated or required travel by ABI to Oregon. *Id.* ¶¶ 24, 30.

To the extent that Pulse performed under the Settlement Agreement by transferring the Assigned Technology back to ABI in New Jersey (Compl. ¶ 17), this unilateral activity was

Page 15 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

insufficient to confer specific jurisdiction over ABI in Oregon. *See*, *e.g.*, *Walden*, 134 S. Ct. at 1125; and *Wellpartner*, 2015 WL 7568591, at *6.

The Settlement Agreement also makes no reference to Oregon as the forum for dispute resolution—it contains a Delaware choice of law provision. *See* Settlement Agreement, Compl. Ex. 3, ¶ 11.7 ("Governing Law. This Agreement shall be governed in accordance with the laws of the State of Delaware."). The 2008 Technology Transfer Agreement between the parties also contains a Delaware choice of law provision. *See* Settlement Agreement, Compl. Ex. 2, ¶ 9.7 (Disputes/Governing Law. This Agreement shall be governed in accordance with the laws of the State of Delaware."). And the original 2007 Technology Transfer Agreement between the parties contains a New Jersey choice of law provision and designates the applicable "Territory" as "worldwide." Compl., Ex. 1, ¶ 15(a) ("Governing Law. This Agreement and any amendments or modifications shall be governed by and construed in accordance with the laws of the State of New Jersey, U.S.A.") and Ex. D (territory designation).

Additionally, while Pulse's Complaint alleges that ABI's officers visited Pulse's offices in this District on numerous occasions in order to consult with Pulse regarding the development and testing of the "Assigned Technology" and "Pulse Technology" at issue in the Settlement Agreement (Compl. ¶ 5), this is not so. Akers Decl. ¶ 26. ABI performed the underlying research and development of a device for Pulse in New Jersey, in coordination with Coperion K-Tron ("K-Tron"), at the K-Tron offices in Sewell, New Jersey. *Id.* ¶ 27. Pulse ultimately entered into an agreement with K-Tron to manufacture its Revelar product at the K-Tron facility in Sewell, New Jersey. *Id.* Pulse traveled to K-Tron and ABI offices in New Jersey multiple times during the development of the Pulse devices. *Id.* ¶ 28.

Page 16 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

During the course of the predecessor agreements and the Settlement Agreement, no employee from ABI traveled to Oregon. *Id.* ¶ 29. Also, all prior negotiations between the parties were conducted with ABI personnel remaining in New Jersey. *Id.* ¶ 30. And, no aspect of the Settlement Agreement contemplated or required travel by ABI to Oregon. *Id.* In addition, during the course of the development of devices for Pulse, ABI and K-Tron performed their duties entirely in New Jersey. *Id.* ¶ 31. ABI sent some documents and made some telephone calls to Oregon, but ABI personnel never went to Pulse. *Id.*

On this record Pulse cannot establish the "purposeful availment" prong of the specific jurisdiction test as to Pulse's breach of contract claim, and the Court need not analyze whether the exercise of jurisdiction over ABI in this forum on that claim is reasonable (it isn't). Accordingly, Pulse's Third Claim for Relief should be dismissed under Rule 12(b)(2).

> **c.    The Exercise of Specific Jurisdiction Over ABI in Oregon on Any of Pulse's Claims Against It Is Not Reasonable.**

Even if Pulse satisfied the first two prongs for establishing specific jurisdiction over ABI on any of its claims, the assertion of personal jurisdiction over ABI in this forum is not reasonable since it does not comport with "fair play and substantial justice." *Burger King*, 471 U.S. 476-77. Courts in the Ninth Circuit apply balance several factors in determining whether the exercise of jurisdiction is reasonable so as to comport with due process requirements. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). No one factor is dispositive. *Id.*[2] "However, the law of personal jurisdiction is 'asymmetrical' . . . ***The primary***

---

[2]    The factors are: (1) the extent of purposeful interjection into the forum state, (2) the burden on the defendant of defending in the forum, (3) the extent of conflict with the sovereignty of defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) The importance of the forum to plaintiff's

Page 17 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

*concern is for the defendant's burden*." *Fed. Deposit Ins.*, 828 F.2d at 1444 (emphasis added; citation omitted).  The "purposeful interjection" into the forum factor involves the same analysis as "purposeful availment." *Sinatra*, 854 F.2d at 1199.

Here, the burden on ABI to defend this action in Oregon is significant.  This includes the inability to compel personal attendance of critical non-party witnesses for testimony at trial because they are outside the subpoena power of the present Oregon forum.  Akers Decl. ¶¶ 33-37 (identifying seven critical non-party witnesses, necessary for ABI's defense in this action, located outside of the subpoena power of this judicial district).  It also includes having ABI provide for the trial testimony in Oregon of seven of its employees, all of whom work in New Jersey, far from this judicial district.  *Id.* ¶ 32.  Also, in a case such as this, in which ABI "has done little to reach out to the forum state," the burden of defending itself in a foreign forum militates against exercising jurisdiction.  *Fed. Deposit Ins.*, 828 F.2d at 1444.[3]

Based on the foregoing reasons, the exercise of personal jurisdiction over ABI is this forum is not proper, and Pulse's Complaint against ABI should be dismissed on that basis.

> **B.    In the Alternative, the Court Should Transfer this Action to the More Convenient Forum of the District of New Jersey Under 28 U.S.C. § 1404(a).**
>
> > **1.    Legal Standard**

Under 28 U.S.C. § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and

---

interest in convenient and effective relief, and (7) the existence of an alternative forum.  *Fed. Deposit Ins.*, 828 F.2d at 1442.

[3]     See also ABI's Argument Section B below, discussing why the District of New Jersey is a proper and more convenient forum for the litigation of this action.  This discussion impacts factors 2 and 4-7 of the *Fed. Deposit Ins.* test for reasonableness, and indicates that the exercise of personal jurisdiction over ABI in this forum is not reasonable.

Page 18 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Id.*

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99

Here, an examination of the relevant transfer factors, strongly favors transfer of the action to the District of New Jersey.

### 2.    This Action Could Have Been Brought in the District of New Jersey.

Venue in the District of New Jersey is proper because it is the judicial district where ABI resides.  28 U.S.C. § 1391(b)(1); *see* Compl. ¶ 2; Akers Decl. ¶ 8.  It is also the judicial district in which a substantial part, if not all, of the events or omissions giving rise to the claim occurred and where a substantial part, if not all, of property that is the subject of the action (the OxiChek product) is situated.  28 U.S.C. § 1391(b)(2); *see* Compl. ¶¶ 21-25, 37; Compl. Exs. 5, 7; and Akers Decl. ¶¶ 6, 8, 20, 23-31.

### 3.    The Balance of the Convenience and Fairness Factors Weighs Heavily in Favor of Transfer to the District of New Jersey.

#### a.    The Location of the Negotiation of the Settlement Agreement Factor Favors Transfer.

As stated above, Pulse alleges that it was the entity that "requested to part ways with ABI" and the parties subsequently entered into the Settlement Agreement, the agreement at issue

Page 19 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

in Pulse's Third Claim for Relief.  Compl. ¶ 16.  After this request, ABI negotiated the

Settlement Agreement in New Jersey and signed the Agreement in New Jersey.  Akers Decl. ¶

23.  No ABI personnel traveled to Oregon with respect to the formation of the Settlement

Agreement; rather, the agreement was negotiated with Pulse over email and via phone calls by

ABI personnel located in New Jersey.  *Id.* ¶¶ 23, 29.  Hence, the location of negotiation of the

relevant agreement favors transfer or, at a minimum, is a neutral factor.

> **b.    The State That Is Most Familiar with the Governing Law Factor Does Not Weigh Against Transfer.**

The state that is most familiar with the governing law (Delaware on the breach of

contract claim, federal law on the Lanham Act false advertising claim, and Oregon statutory law

on the violation of ORS § 646.608 claim) is a neutral factor—the trial judge in the District of

New Jersey or the trial judge here, will be able to interpret and apply the applicable law, as

federal courts are regularly called upon to do.

> **c.    Pulse's Choice of Forum Is Not a Controlling Factor Because the Operative Facts of the Claims in this Case Did Not Occur in this Judicial District and the Parties Contacts with the Forum and Contacts Relating to Pulse's Causes of Action Factors Favor Transfer.**

Although a plaintiff's choice of forum is generally entitled to deference in deciding a §

1404(a) motion to transfer venue, Pulse's choice of this forum is entitled to less deference in this

case here because the operative facts of Pulse's claims against ABI did not occur in Oregon.

Also, this forum has no particular interest in the instant claims which concern (a) an alleged

breach of the Settlement Agreement negotiated, signed, and performed by ABI in New Jersey,

involving Pulse's agreement to transfer the Assigned Technology at issue back to ABI in New

Jersey, and containing a Delaware choice of law clause (Akers Decl. ¶¶ 8, 20, 23; Compl. ¶ 17;

Page 20 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

and Settlement Agreement, Compl. Ex. 3, ¶ 11.7), and (b) alleged misrepresentations in advertising—that are not even actionable claims[4]—which did not occur in Oregon, and which were not targeted to individuals in Oregon (see Argument Sections A. 4. a. (1)-(2) and A. 4. b (1)-(2) above which ABI incorporates by reference here). *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (finding a plaintiff's choice of forum "is entitled to only minimal consideration" where the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter), *cert. denied*, 485 U.S. 993 (1988). These facts coupled with the fact ABI has had scant contact with the forum indicates that transfer of venue to the District of New Jersey is warranted.

        **d.**    **The Differences in the Costs of Litigation in the Two Forums Factor Favors Transfer.**

ABI will be forced to expend significantly more money to defend this action in Oregon as opposed to New Jersey. Oregon is a forum located more than 2,800 miles from ABI's place of business in West Deptford, New Jersey. And, because, as discussed above, the relevant alleged events occurred in New Jersey, most of the witnesses and other sources of proof are likely to be in New Jersey as well. These facts favor transfer. *See Palmer Events, LLC v. Hyundai Hope on Wheels*, No. 15-cv-2223, 2016 WL 1179857, at *6 (D. Or. Feb. 26, 2016) (transferring venue to the Central District of California, noting, *inter alia*, "Because all of the relevant events occurred in California, most of the witnesses and other sources of proof are likely to be in California as well. Thus, both of these factors favor transfer of venue."), *report and recom. adopted,* No. 15-cv-2223, 2016 WL 1181679 (D. Or. Mar. 25, 2016).

---

[4]     See Rule 12(b)(6) discussion at Argument Section C below.

Page 21 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

e.    **The Availability of Compulsory Process to Compel Attendance of ABI's Non-Party Witnesses Factor Favors Transfer.**

"Convenience of witnesses is often the most important factor in determining whether or not to transfer a case." *Adidas Am., Inc. v. Athletic Propulsion Labs, LLC*, No. 16-cv-415, 2016 WL 3896826, at *4 (D. Or. July 18, 2016) (Hernandez, J.) (citation omitted).  Courts, however, give more consideration to non-party witnesses under a balance-transfer analysis.  *Id.*  Courts also consider, not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony, as it relates to the issues in the case.  *Id.*

The United States Supreme Court has also admonished courts that, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants." *Gulf Oil v. Gilbert*, 330 U.S. 501, 511 (1947); *see also Palmer Events*, 2016 WL 1179857, at *6 (transferring venue despite the presence of a purported Oregon forum selection clause, where "at least some witnesses are likely to reside or be employed" over 100 miles from Portland, Oregon, a factor found to favor transfer); *Reg'l Local Union Nos. 846 & 847 v. Jayco Steel Servs., Inc.*, No. 13-cv-2267, 2015 WL 2123757, at *6-7 (D. Or. Apr. 29, 2015) (Hernandez, J.) (transferring venue where most of the significant witnesses and sources of proof were located beyond the subpoena power of the court); *see also Lehr v. Stryker Corp.*, No. 09-cv-2089, 2010 WL 3069633, at *5 n.7 (E.D. Pa. Aug. 4, 2010) ("Actual unavailability in this [venue transfer] context means outside the subpoena power of the forum, such that testimony from the witness would be restricted to deposition or video testimony.").

ABI has identified seven non-party witnesses in this case, each located outside of the subpoena power of this Court.  Akers Decl. ¶¶ 33-37.  These non-party witness are key witnesses

Page 22 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

in this litigation, possessing information highly-relevant to the defense of ABI's claims.  *Id.* ¶¶ 33-37.  It would be prejudicial to ABI if it were required to proceed to trial in this forum without the live trial testimony of these non-party witnesses.  The convenience of the non-party witnesses is such a significant factor here that, it alone, is dispositive in favor of the requested venue transfer.

f.      **The Ease of Access to Proof Factor Favors Transfer.**

ABI's books and records and employees are located in New Jersey.  *Id.* ¶¶ 10, 32.  Seven of ABI employees, all of whom work in New Jersey, have information relevant to ABI's defense of this litigation.  *Id.* ¶ 32.  Thus, it would be extremely burdensome and disruptive to ABI's business for ABI to bring these employees to Oregon to testify at trial.  *Id.*  The District of New Jersey would be a much more convenient forum for these employees to appear for trial testimony.  Conversely, the Complaint in this case does not allege that Pulse is an active company that engages in commercial activity.  *See* Ex. A.  As such, the ease of access of proof factor favors ABI and transfer of venue.

g.      **New Jersey Has a Strong Interest in this Action, a Factor Which Favors Transfer.**

New Jersey has a strong interest in this case, as shown above, because Pulse's claims in this case arise from agreements signed and received by ABI in New Jersey, the state of ABI's company's incorporation and the state of its principal place of business.  Moreover, Pulse is attempting to use this lawsuit to curtail ABI's business with respect to the OxiChek product in New Jersey.

Oregon, in contrast, has a very limited interest in this case.  Pulse's Lanham Act and violation of ORS § 646.608 claims are not viable (as discussed below), and they should not

Page 23 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

factor in the venue transfer analysis.  In any event, the fact that Pulse, a company with no

apparent commercial activities, is located in Oregon, and is a party to the Settlement Agreement

whereby it transferred the Assigned Technology back to ABI in New Jersey, only provides

Oregon with a tangential interest over the disputes in this matter.  Further, according to Pulse's

Complaint, only some of Pulse's (unidentified) owners and members are Oregon citizens; its

other owners and members are California, Texas and Florida citizens.  Compl. ¶ 1.

Accordingly, the balance of the foregoing factors convenience and fairness factors

weighs heavily in favor of transferring this case to the District of New Jersey.

**C.**     **If the Court Determines that Pulse Satisfies the Threshold Barriers to
Litigating this Action in this Forum, then It Must Dismiss Pulse's First and
Second Claims for Relief Under Fed. R. Civ. P. 12(b)(6).**

**1.**     **Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims.  *Navarro v.
Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "All allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party."  *Am. Family Ass'n, Inc. v. City &
Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir.), *cert. denied*, 537 U.S. 886 (2002).  However, the

court need not accept conclusory allegations as truthful.  *Warren v. Fox Family Worldwide, Inc.*,

328 F.3d 1136, 1139 (9th Cir. 2003).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the

"grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *accord Nordisk Sys., Inc. v. Sirius Computer Sols., Inc.*, 156 F. Supp. 3d 1212,

1215-16 (D. Or. 2015) (Hernandez, J.) (granting motion to dismiss).  To raise a right to relief

above the speculative level, "[t]he pleading must contain something more . . . than . . . a

Page 24 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

statement of facts that merely creates a suspicion [of] a legally cognizable right of action,"
*Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE AND
PROCEDURE § 1216, pp. 235-36 (3d ed. 2004)).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In
addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss."
*Id.* at 679.  A complaint must also contain "well-pleaded facts" which "permit the court to infer
more than the mere possibility of misconduct[.]"  *Id.* at 679; *accord Nordisk Sys.*, 156 F. Supp.
3d at 1216.

Application of the foregoing standards in this case reveals the legal deficiency of Pulse's
Lanham Act false advertising and Oregon Unlawful Trade Practices Act claims against ABI.

> **2.    Pulse Cannot Prevail on Its Lanham Act False Advertising Claim Because It Is Not Within the Zone of Interests Protected By the Statute and There Is No Proximate Causation Between Its Alleged Injury and the Alleged Statutory Violation.**

The United Supreme Court's decision in *Lexmark Int'l Inc. v. Static Control*
*Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377 (2014), created a two-part test to determine
whether a plaintiff can bring a cause of action under the Lanham Act.  First, plaintiff's interest
must be within the zone of interests that the Act is intended to protect, *id.* at 1388;[5] and second,

---

[5]    The Court found the term "prudential standing" was a "misnomer" as applied to the zone
of interests analysis, which asks whether a particular class of persons has a right to sue under the
substantive statute at issue.  *Lexmark*, 134 S. Ct. at 1387; *see also id.* at n.4 (discussing that this
inquiry has occasionally, but misleadingly, also been referred to as "statutory standing"); and
*Chandler & Newville v. Quality Loan Serv. Corp. of Wash.*, No. 13-cv-2014, 2014 WL 2526564,

Page 25 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

plaintiff must allege that its injuries were proximately caused by defendant's alleged statutory violation, *id.* at 1390.

The Court held that under the statutory zone of interests test, to come within the zone of interests protected by § 1125(a)(1) Lanham Act false advertising suit, 15 U.S.C. § 1125(a)(1)(B), "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 1390. And, under proximate causation principles, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1392. In other words, "[t]o invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Id.* at 1395. The allegations of Pulse's First Claim for Relief fail to meet these pleading requirements.

Pulse's Complaint contains ***no allegation*** of a commercial or reputational injury to Pulse. *See* Ex. A, Compl. (absence of such allegations). In fact, the Complaint is devoid of any allegation of commercial activity on the part of Pulse. *See id.*; *see also Global Tech LED, LLC v. Hilumz Int'l Corp.*, No. 15-cv-553, 2016 WL 3059390, at *3 (M.D. Fla. May 31, 2016) (dismissing Lanham Act counterclaim under *Lexmark*);[6] and *Martin v. Living Essentials, LLC*,

---

at *5 (D. Or. June 3, 2014) (Hernandez, J.) (noting "[a]s in *Lexmark*, the question is whether [plaintiff] falls within the class of plaintiffs authorized to sue under the [act at issue]" and granting defendant's Rule 12(b)(6) motion to dismiss plaintiff's Oregon Trust Deed Act claim because plaintiff was not in the Acts' zone of interests).

[6]    The court in *Global Tech LED* found "nothing in Defendants' pleading indicates that Defendants have ever been injured." 2016 WL 3059390, at *3. The court further found:

Page 26 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

160 F. Supp. 3d 1042, 1048 (N.D. Ill.) (noting that plaintiff, who was not a competitor of defendant and was not involved in any commercial activity, was not in the zone of interests required to state a Lanham Act claim, but finding that defendant waived such non-jurisdictional argument by failing to raise it in its motion to dismiss), *aff'd*, 653 F. App'x 482 (7th Cir. 2016), *reh'g denied* (July 21, 2016).

Pulse merely alleges that "ABI's misstatements are the most material representations it makes in its OxiChek advertising and deceives the consuming public in Oregon and elsewhere in a material way." *See id.*, ¶ 28. Consumer claims, however, are excluded from the scope of the Lanham Act. *Lexmark*, 134 S. Ct. at 1390 ("A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question."); *see also* 5 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:30 (4th ed.) ("a consumer has no 'commercial interest' and thus has no standing to sue for false advertising under the Lanham Act").

As stated above, Pulse's Complaint fails to plead that Pulse has sustained an injury to a commercial interest in sales or business reputation. Thus, Pulse cannot credibly plead, nor does it plead, that an injury to a commercial interest in sales or business reputation is proximately

---

Rather, Defendants allege only that Global Tech's "patent infringement lawsuit is a sham, filed for the purpose of inciting anti-competitive rhetoric, scaring away HiLumz customers, and stealing the business for itself," (Doc. #8, ¶ 23), <u>and that Plaintiffs' "false advertisements are actually deceiving, or have a tendency or capacity to deceive, a substantial portion of the intended audience."</u> (Id. ¶ 42.) To conclude, based on these allegations, that Defendants have pled what *Lexmark* requires would require too generous an inferential leap. <u>Neither an anticompetitive purpose nor consumer deception establishes injury</u>.

*Id.* (emphasis added).

Page 27 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

caused by ABI's alleged misstatements as is necessary in order to satisfy the second *Lexmark*

test for establishing a Lanham Act false advertising claim. Pulse's "injury" averments also fail

to meet *Twombly's* Rule 12(b)(6)'s pleading requirements. Pulse's Complaint merely provides

in a threadbare, conclusory and/or formulaic fashion that "Pulse has been damaged by ABI's

false advertising in an amount not less than $500,000." Ex. A, Compl. ¶ 29.

      Accordingly, Pulse's First Claim for Relief against ABI must be dismissed with

prejudice.

      **3.     Pulse Cannot Prevail on Its Second Claim for Relief Because It Lacks Standing to Pursue a Claim Under the Oregon Unlawful Trade Practices Act Which Is a Consumer Protection Act.**

      Pulse alleges that ABI has violated the Oregon Unlawful Trade Practices Act ("UTPA"),

specifically, ORS § 646.608. *See* Ex. A, Compl., Second Claim for Relief. However, as this

Court has found, the UTPA is limited to consumer actions. *L & A Designs v. Xtreme ATVs, Inc.*,

No. 10-cv-627, 105 U.S.P.Q.2d 1146, 2012 WL 1532417, at *3-4 (D. Or. Apr. 30, 2012)

(Hernandez, J.) (granting defendant's motion for judgment on the pleadings with respect to

plaintiff's UTPA claim because plaintiff lacked standing to sue under the UTPA) (citing, among

other cases, *Investigators, Inc. v. Harvey*, 53 Or. App. 586, 590, 633 P.2d 6 (Or. Ct. App. 1981)

("The [UTPA] applies only to consumer transactions; it does not regulate commercial

transactions.") (citing *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90, 566 P.2d 1177,

n.4 (1977) ("In section 3, ..., the language 'unfair methods of competition' had been deleted,

since the bill seeks to protect consumers rather than businesses."))); *accord Ave. Lofts Condo.*

*Owners' Ass'n v. Victaulic Co.*, 24 F. Supp. 3d 1010, 1015-18 (D. Or. 2014) (finding plaintiff

was not a consumer of defendant's products for personal, family, or household uses and, thus,

Page 28 –  **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

failed to state a claim under the UTPA[7]) (citing *L & A Designs*, 2012 WL 1532417); *Slep-Tone Entm't Corp. v. Shenanigans Lounge*, No. 12-cv-1236, 2013 WL 1768444, at *4 (D. Or. Feb. 22, 2013), *report and recom. adopted*, No. 12-cv-1236, 2013 WL 1767727, at *1 (D. Or. Apr. 20, 2013) (finding "no reason to depart from the previous decisions by the judges of this court finding that the UTPA is limited to consumer actions.") (citing *L & A Designs*, 2012 WL 1532417); *Oregon Laborers-Emp'r Health & Welfare Trust Fund v. Philip Morris, Inc.,* 17 F. Supp. 2d 1170, 1180 (D. Or. 1998) (same), *aff'd*, 185 F.3d 957 (9th Cir. 1999); *CollegeNet, Inc. v. Embark.Com, Inc.*, 230 F. Supp. 2d 1167, 1175 (D. Or. 2001) (finding a plaintiff must affirmatively allege facts indicating they are consumers in order to bring a UTPA claim).

Here, Pulse does not allege, and ***cannot allege***, that it was a consumer or that it purchased ABI's OxiChek product for personal, family, or household purposes so as to raise a proper consumer claim under the UTPA. *See* Ex. A, Compl. (absence of such allegations). Rather, Pulse simply alleges that "ABI has made willful false statements about the qualities of its goods in its advertising to Oregon consumers." *Id.*, ¶ 32. Such allegations do not provide Pulse with standing to assert a UTPA claim and its Second Claim for Relief must be dismissed with prejudice.

---

[7]    The UTPA prohibits certain unlawful practices in the sale of "real estate, goods, or services" to consumers, defined as items "that are or may be obtained primarily for personal, family or household purposes . . ." ORS § 646.605(6)(a).

Page 29 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

IV.    __CONCLUSION__

For all the reasons enumerated herein, ABI respectfully requests that the Court grant its

motion to dismiss Pulse's Complaint under Rule 12(b)(2), or to transfer venue under § 1404(a),

and/or to dismiss Pulse's First and Second Claims for Relief with prejudice under Rule 12(b)(6).

DATED this 23rd day of November, 2016.

**STOLL BERNE LOKTING &
SHLACHTER PC**

By:    *s/ Jennifer S. Wagner*
        **Jennifer S. Wagner**, OSB No. 024470
        jwagner@stollberne.com

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

and

**Anthony J. DiMarino** (*admitted pro hac vice*)
ajd@dimarinolaw.com
**Emmett S. Collazo** (*admitted pro hac vice*)
collazo@dimarinolaw.com
A.J. DIMARINO, P.C.
41 Grove Street
Haddonfield, NJ 08033
Telephone:    (856) 853-0055
Facsimile:    (856) 853-2866

***Attorneys for Defendant Akers Biosciences, Inc.***

Page 30 – **DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**